IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADRIAN L. HAGGINS,** : | |
|        **Plaintiff,** : | |
| : | |
|      v. : | Civ. No. 23-4945 |
| : | |
| : | |
| **KENNETH W. SMITH,** *et al.*, : | |
|        **Defendants.** : | |

**O R D E R**

On February 26, 2024, pro se Plaintiff Adrian L. Haggins filed an Amended Complaint against Kenneth W. Smith, Suzanne K. Smith, the Philadelphia Housing Authority, the Philadelphia Police Department, the Philadelphia Sheriff's Office, and the PPD's Internal Affairs Bureau. (Doc. No. 7.) On July 5, 2024, the PHA filed a Motion to Dismiss for failure to state a claim and on other grounds. (Doc. No. 19.) I granted the Motion on August 5, 2024, and dismissed Plaintiff's claims against PHA with prejudice. (Doc. No. 22.) The Smith Defendants, proceeding pro se, filed a responsive pleading to the Amended Complaint on April 15, 2025. (Doc. No. 10.) None of the Law Enforcement Defendants have entered an appearance in this case. (See Docket.)

To date, Plaintiff has failed to perfect service of process on the Law Enforcement Defendants. (See Doc. No. 23.) On August 6, 2024, I ordered Plaintiff to show good cause no later than August 19, 2024 for her failure to serve the Law Enforcement Defendants. (Id.) On August 13, 2024, Plaintiff responded to that Order. (Doc. No. 24.)

Plaintiff has not demonstrated good cause for her failure properly to serve the Law Enforcement Defendants. Accordingly, I will dismiss her claims against them without prejudice. I will also construe the Smith Defendants' responsive pleading as a Motion to Dismiss and dismiss Plaintiff's claims against them with prejudice.

I.      **Background**

I base this narrative on Plaintiff's allegations as well as the documents she referred to and attached to her pleading.

As alleged, Plaintiff signed a residential lease agreement with Mr. Smith on August 26, 2008 for a property at 4136 Levick St., Philadelphia, PA. (Doc. No. 7-2 at 2-17; see also Doc. No. 7-1 at 1, 3.) Plaintiff was responsible for paying $381.00 of the total $930.00 monthly rent; the remaining $549.00 was paid via housing assistance from the PHA. (Doc. No. 7-2 at 4, 19.) This arrangement was renewed through at least July 2017. (Id. at 19.)

On January 8, 2018, Mr. Smith received notice that Plaintiff's PHA housing assistance was ending effective February 28 due to violent behavior against PHA staff. (Id. at 21, 23.) He notified Plaintiff that he was terminating the lease for cause and gave her until March 8 to vacate the Property. (Id.; see also Doc. No. 7-1 at 3.) Plaintiff evidently did not vacate the Property by that date, as Mrs. Smith filed a landlord-tenant complaint in Philadelphia Municipal Court on March 13. (Doc. No. 7-2 at 25; see also Doc. No. 7-1 at 3.) Mrs. Smith subsequently filed an ejectment action in Philadelphia Common Pleas Court, and by October 30 she had obtained a writ of possession for the Property. (Doc. No. 7-2 at 27-29, 31; see also Doc. No. 7-1 at 2, 4.) The Philadelphia Sheriff's Office then served Plaintiff with an eviction notice requiring her to vacate the Property by 9:00 a.m. on January 16, 2019. (Doc. No. 7-2 at 32.)

Before January 16, Plaintiff called the Philadelphia Sheriff's Office repeatedly and angrily informed them that she would not be leaving the Property, and they would need to bring "everyone" to the eviction. (Id. at 37-45.) On the day of the eviction, Mr. Smith arrived at the Property before any law enforcement. (Id.; see also Doc. No. 7-1 at 4.) Upon seeing Mr. Smith, Plaintiff ordered him to "get the fuck off [her] steps" and chased him away with a baseball bat.

(Doc. No. 7-2 at 37-45.) Sheriff's deputies arrived at the Property soon after along with a mobile mental health team. (Id.) The deputies requested the assistance of the Philadelphia Police Department, which sent several uniformed officers. (Id.) Plaintiff was approached by the mental health team, but she refused to talk to them. (Id.) She became agitated and aggressive, and the mental health team advised that Plaintiff should be transported to a mental health crisis center. (Id.) Law enforcement then attempted to take Plaintiff into custody, but she resisted their efforts, leading a PPD officer to deploy his taser on Plaintiff. (Id.) One set of taser prongs penetrated Plaintiff's skin, and she was taken to the hospital for their removal. (Id. at 35, 37-45.)

On August 21, 2020, Plaintiff filed a complaint with Internal Affairs. (Id. at 37-45; see also Doc. No. 7-1 at 5.) IA investigated and found no police wrongdoing. (Doc. No. 7-2 at 44-45.)

**II.    The Law Enforcement Defendants**

Plaintiff alleges that the Law Enforcement Defendants violated her "5th Amendment Civil Right 'Due Process and Procedures of Law.'" (Doc. No. 7 at 6, 10; Doc. No. 7-1 at 3, 4, 5.) But Plaintiff has consistently failed to perfect service of process on any of those Defendants. (Doc. Nos. 11, 21, 23.) Indeed, none of the Law Enforcement Defendants has ever made an appearance in this case. (See Docket.) I have given Plaintiff numerous opportunities to serve the Law Enforcement Defendants and have extended her deadline for months beyond the 90-day limit established by Fed. R. Civ. P. 4(m). (See Doc. Nos. 21, 23.) Not only has she failed to do so, she has also failed to demonstrate good cause as to why.

As a preliminary matter, none of the Law Enforcement Defendants can be sued in its own name. 53 Pa. Stat. Ann. § 16257 (West); see also Baldi v. City of Philadelphia, 609 F. Supp. 162, 168 (E.D. Pa. 1985); Simpson v. Philadelphia Sheriff's Off., 351 F. Supp. 3d 919, 922 n.1 (E.D. Pa. 2019).

As pleaded by Plaintiff, however, each of the Law Enforcement Defendants is a local government entity for the purpose of service of process. See Leach v. Phelan Hallinan Diamond & Jones, LLP, No. 19-3183, 2020 WL 1875631, at *3 (E.D. Pa. Apr. 15, 2020); Pristas v. Esper, No. 17-1056, 2018 WL 1427089, at *13 (W.D. Pa. Mar. 22, 2018). The Federal Rules of Civil Procedure provide two ways to serve such entities. First, a plaintiff may deliver a copy of the summons and of the complaint to the entity's chief executive officer. Fed. R. Civ. P. 4(j)(2)(A). Alternatively, a plaintiff may serve process in accordance with state law. Fed. R. Civ. P. 4(j)(2)(B). Pennsylvania law allows local government entities to be served by "handing a copy to (1) an agent duly authorized by the political subdivision to receive service of process, or (2) the person in charge at the office of the defendant, or (3) the mayor, or the president, chairman, secretary or clerk of the tax levying body thereof . . . ." Pa. R. Civ. P. 422(b); see also Santiago v. Warminster Twp., No. 08-2202, 2008 WL 11516006, at *1 (E.D. Pa. Dec. 8, 2008).

Plaintiff has failed to effect service on the Law Enforcement Defendants in any authorized manner. She attempted to serve the Defendants by certified mail posted variously on March 26, 27, and 28, 2024. (Doc. No. 9.) Service by certified mail does not, however, comport with Rule 4(j)(2). White v. Green, 382 F. App'x 199, 202 (3d Cir. 2010). Accordingly, in my July 17, 2024 Order, I directed Plaintiff to effectuate proper service on the Law Enforcement Defendants by no later than July 31. (Doc. No. 21 at 4.) Apparently, Plaintiff made no effort to do so. (See Docket.) On August 5, I ordered Plaintiff to show good cause for her failure to serve and advised that failure to comply could result in the dismissal of her claims against the Law Enforcement Defendants. (Doc. No. 23.)

On August 13, 2024, Plaintiff filed a one-page letter titled "Good Cause," which reads in its entirety:

> Adrian Haggins is an indigent individual, out of state resident and falls under the ADA. Which makes her eligible for legal representation civil or criminal. Not affordable. P.S. Appeal will be filed with SCOTUS!!! Pro Se litigators should be able to file electronically as well.

(Doc. No. 24 at 3.) Included in this filing was a letter from the Social Security Administration providing that Plaintiff is disabled and receives a monthly benefit of $1,425.00. (Id. at 1.)

This does not make out good cause for Plaintiff's failure properly to serve the Law Enforcement Defendants. Courts may consider three factors to determine the existence of good cause: (1) reasonableness of a plaintiff's efforts to serve; (2) prejudice to a defendant by lack of timely service; and (3) whether a plaintiff moved for an enlargement of time to serve. MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995); Beautyman v. Laurent, 829 F. App'x 581, 583 (3d Cir. 2020). The primary focus of this test is on the plaintiff's reasons for not complying with the time limit in the first place. Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) (citing MCI Telecomms., 71 F.3d at 1097).

Plaintiff fails to show that she made reasonable efforts to serve the Law Enforcement Defendants. Although a pro se litigant may understandably not know that mail is not a proper method of service, pro se litigants are nonetheless required to comply with the law. See McNeil v. United States, 508 U.S. 106, 113 (1993). I nevertheless granted Plaintiff an extension of time to perfect service. (Doc. No. 21.) Plaintiff again failed to do so. Moreover, Plaintiff never moved for an extension of time. (See Docket.) Finally, although the attendant delay may not prejudice the Law Enforcement Defendants, absence of prejudice alone can never constitute good cause to excuse late service. MCI Telecomms., 71 F.3d at 1097.

Plaintiff has failed to perfect service on the Law Enforcement Defendants and has not shown good cause for that failure. Accordingly, I will dismiss her claims against the Law Enforcement Defendants without prejudice pursuant to Fed. R. Civ. P. 4(m).

### III.    The Smith Defendants

I will dismiss Plaintiff's claims against the Smith Defendants with prejudice.  On April 15, 2024, the Smith Defendants, proceeding pro se, filed a responsive pleading titled "The Defendant's Answer to the Complaint."  (Doc. No. 10.)  They appear to have filled out a form from the U.S. Courts website.  See Civil Pro Se Forms, https://www.uscourts.gov/forms/civil-pro-se-forms (accessed October 9, 2024).  One section of the form asks the filer to explain why "[t]he complaint fails to state a claim upon which relief can be granted . . . ."  (Doc. No. 10 at 3.)  The Smith Defendants entered a response to this prompt.  I am obligated to liberally construe a pro se litigant's pleadings.  Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).  Accordingly, I will construe the Smith Defendants' pleading as a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

In deciding a motion to dismiss, I must accept as true the plaintiff's factual allegations and make all reasonable inferences in the plaintiff's favor.  Fed. R. Civ. P. 12(b)(6); In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002).  The burden is on the defendant to show that the plaintiff has failed to allege facts sufficiently detailed to "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  A complaint must "state a claim to relief that is plausible on its face."  Phillips, 515 F.3d at 234.  "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller, 311 F.3d at 215.

In her Amended Complaint, Plaintiff avers that she "specifically signed [her] HUD PHA rental lease agreement with the owner Kenneth William Smith," but that Mrs. Smith filed the landlord-tenant complaint in Philadelphia Municipal Court and subsequent civil action in Philadelphia Common Pleas Court that led to Plaintiff's eviction.  (Doc. No. 7-1 at 1-4.)  Plaintiff

complains that Mrs. Smith "had no right" to file these actions because "she did not sign the lease agreement." (Id. at 3.) Consequently, Plaintiff complains that the Smith Defendants violated her "5th Amendment 'Due Process and Procedure of Law' civil right." (Id.) Plaintiff also appears to assert that Mrs. Smith violated 18 U.S.C. § 2071, which makes criminal the destruction, mutilation, or concealment of records deposited with a federal agency or court. (Id. at 1.)

I will dismiss with prejudice Plaintiff's claim under § 2071, which provides no private right of action. Geiger v. Conroy, No. 22-2458, 2022 WL 4585520, at *5 (E.D. Pa. Sept. 29, 2022).

With regard to Plaintiff's putative Fifth Amendment claim, I am obligated to construe her Amended Complaint broadly. Dooley, 957 F.3d at 374. I will read it as a § 1983 claim arising from Defendants' purported deprivation of Plaintiff's Fifth Amendment due process rights. But a private individual can be liable under § 1983 only if the plaintiff can demonstrate that the individual's actions are "fairly attributable" to some kind of government entity. See McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ., 24 F.3d 519, 523 (3d Cir. 1994) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). Plaintiff has made no such allegation here, nor can I discern how any actions by Mr. or Mrs. Smith could be attributed to any government entity. (See Doc. No. 7.) Accordingly, I will dismiss with prejudice Plaintiff's Fifth Amendment claims against the Smith Defendants.

\* \* \*

**AND NOW**, this 16th day of October, 2024, it is **ORDERED** that:

1) Plaintiff's claims against the Philadelphia Police Department, the Philadelphia Sheriff's Office, and the Internal Affairs Bureau are **DISMISSED WITHOUT PREJUDICE**;

2) Plaintiff's claims against Kenneth W. Smith and Suzanne K. Smith are **DISMISSED WITH PREJUDICE**;

3) The Clerk of Court **SHALL MAIL** certified copies of this Order to pro se litigants Adrian L. Haggins, Kenneth W. Smith, and Suzanne K. Smith.

                                                          **AND IT IS SO ORDERED.**

                                                          */s/ Paul S. Diamond*
                                                         _____
                                                         Paul S. Diamond, J.